Henry Epstein, J.
This is a motion to vacate and set aside the award of arbitrators on the ground that the arbitrators acted outside the scope of their power in that they undertook to and did write a new and different contract for the parties and it is further sought to test the fairness of the arbitrators’ fees according to the standards of section 1457 of the Civil Practice Act.
The petitioner in the arbitration and movant here is Cocotos Steamship of Panama, S. A. (hereinafter referred to as the Owner), and the respondent was Hugo Neu Corporation (hereinafter referred to as the Charterers).
The claim- that the arbitrators exceeded their powers arises principally from the interpretation by them (arbitrators) of Clause 18. The latter clause provided as follows: “ Cargo is to be loaded, stowed and discharged by the charterers and/or their agents at the average rate of 150 tons per hatch per weather working day, Sundays and holidays excepted even if used * * * Laydays to be reversible.”
The Owner claimed that the total time allowed for loading, stowing and discharging the 5,000 tons was to be 11 days, plus odd hours. The Charterers alleged that they were to be allowed a similar period each for loading and discharging, making a total of 23 days for both operations. With the latter contention the arbitrators agreed — one dissenting. The Owner claims that the arbitrators had no right to alter or modify the 1‘ clear and unambiguous ” language of the parties or to reject the documentary evidence presented to them. The Owner in effect would ask this court to review the decision of the arbitrators and substitute its own. This the court cannot do and in any event even if such action were permitted, the record of this arbitration does not warrant a conclusion other than that arrived at by the arbitrators.
The fee of the arbitrators is not unreasonable and is allowed (Civ. Prac. Act, §§ 1457, 1545; Matter of Dubinsky v. Joseph Love Inc., 295 N. Y. 968).